Proctor v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-154-CR

     FRANK DILLARD PROCTOR, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-181-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Frank Dillard Proctor of aggravated robbery, assessed punishment of forty
years in prison, and found that he used a deadly weapon to commit the offense. In a single point
he contends that the court committed reversible error when it refused to grant a mistrial after the
state made an improper jury argument during the punishment phase of the trial. We affirm.
      In closing argument during the punishment phase of Proctor's trial, the prosecutor made the
following argument:
Your decision you make today will be an important one, because it will be saying to these
people, these criminals like him, we are taking our country back over, and we are not
going to play these games with you. The Court's instructions that you will have with you
in the jury room, tell you that you must not take into account what the Board of Pardons
and Paroles might do with any given case, because that is within the jurisdiction of the
Governor, the executive branch, but I would also like to note that what we see is a trend
here, that he was sentenced to eight years in the penitentiary on 8-2-90, and 11-12-91,
he was at—
Proctor objected. The court sustained the objection and instructed the jury to disregard the last
statement by the prosecutor for any purpose. It then denied Proctor's motion for a mistrial.
      Proctor contends that the prosecutor asked the jury to increase his sentence to compensate for
the effects of the parole law. There are generally four areas of permissible jury argument: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument
of opposing counsel; or (4) plea for law enforcement. E.g., Kinnamon v. State, 791 S.W.2d 84,
89 (Tex. Crim. App. 1990). The state cannot ask the jury to consider the parole laws in assessing
a defendant's punishment. Rose v. State, 752 S.W.2d 529, 532 (Tex. Crim. App. 1987). 
      Following objectionable argument, an instruction by the court to disregard the comment will
usually obviate any harm, unless the remark is so inflammatory that its prejudicial effect cannot
reasonably be removed by such an admonishment. Kinnamon, 791 S.W.2d at 89. Moreover, for
an improper argument to rise to a level mandating a mistrial, the argument must be "extreme or
manifestly improper, or inject new and harmful facts into evidence." Id.
      The dates referred to by the prosecutor reflect facts that were already in evidence at the time
of the closing argument. Furthermore, that the prosecutor was unable to complete his statement
by virtue of Proctor's objection is compelling to this court. See Harris v. State, 784 S.W.2d 5,
13 (Tex. Crim. App. 1989). We are of the opinion that the remarks made by the prosecutor were
not so inflammatory that the court erred in overruling the motion for a mistrial. We overrule the
point and affirm the judgment.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 28, 1993
Do not publish